*E-Filed 5/22/12*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| OSCAR L. PAYNE, | No. C 11-1431 RS (PR) |
| Petitioner, | **ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |
| v. | |
| M.D. BITER and KELLEY HARRINGTON, | |
| Respondents. | |

## INTRODUCTION

This is a federal habeas corpus action filed by a *pro se* state prisoner pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the petition is DENIED.

## BACKGROUND

In 2008, an Alameda County Superior Court jury found petitioner guilty of attempted murder, assault with a firearm, being a felon in possession of a firearm, and shooting at a vehicle. Consequent to the verdicts, petitioner was sentenced to 55 years-to-life in state prison. Petitioner was denied relief on state judicial review. This federal habeas petition followed.

Evidence presented at trial established that in 2006 petitioner shot Marco Ramirez in the back after an argument over a heroin purchase. Prior to the shooting, Ramirez, accompanied by Juan Garibary and Guillermo Cervantes Perez, drove to petitioner's house to sell heroin to petitioner's sister, Joyce. During the sale, petitioner and Ramirez had a heated argument in the driveway of the house while Ramirez was sitting in his car. Petitioner testified at trial that Ramirez took out a gun, which petitioner then wrestled away from him before retreating into the house. He also testified that he saw the three men go to the vehicle's trunk and take out a gun. The men returned to the car, initially drove off, turned around and rolled slowly by petitioner's house. Joyce and her daughter, Mayling, remained on the porch during this time. (Ans., Ex. 3 at 1–2.)

Petitioner testified that he emerged from his house carrying the revolver he took from Ramirez, and strode toward the car. According to petitioner, he yelled at the car's occupants to leave, and that as he approached the car, he saw Cervantes Perez lean forward and point a gun at him. Petitioner testified that he (petitioner) then fired two shots at close range through the open window of the driver's side window, and then fled into the house.

Petitioner asserted at trial that he acted in self-defense, fearing for his life and the lives of his family members. None of the numerous other witnesses, however, saw Ramirez point a gun at petitioner, nor did they see Ramirez, nor anyone else in his vehicle, handle a gun that day. Ramirez had been shot twice in the back. (*Id.* at 2–4.) As grounds for federal habeas relief, petitioner claims that the trial court violated his due process rights when it admitted evidence of a prior conviction.

**STANDARD OF REVIEW**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The petition may not be granted with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision

that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). "Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams (Terry) v. Taylor*, 529 U.S. 362, 412–13 (2000).

"Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*. at 413. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 411. A federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was "objectively unreasonable." *Id*. at 409.

**DISCUSSION**

**I.      Admission of Evidence of Prior Conviction**

The trial court, for purposes of impeachment, admitted evidence of five of petitioner's prior convictions, including a 1987 attempted murder conviction. The trial "court relied upon the element of intent to kill in the [1987] prior attempted murder conviction as reflecting moral turpitude, therefore making the prior admissible for impeachment." (Ans., Ex. 3 at 7.) Petitioner claims that the admission of the 1987 conviction violated his due process right to a fair trial because the conviction was more prejudicial than probative, especially considering that there were other prior felonies that could be used to impeach his credibility.

The state appellate court concluded that the evidence was properly admitted under state law, and that any admission was harmless, considering the weight of evidence against petitioner:

> Given the narrow inquiry which ultimately must have consumed the jury's attention, we cannot find the admission of his prior attempted murder conviction was prejudicial. This case was not a whodunit. The fact that [petitioner] fired two shots into Ramirez's Cadillac was not disputed. He admitted as much at trial. Thus, the nub of the case was [petitioner]'s state of mind when he fired into the car.
>
> Unless the jurors were to believe [petitioner]'s own description of his state of mind unquestioningly, such a matter could be determined only by inference from the facts otherwise established. Here, the testimony established that [petitioner] strode purposefully and swiftly toward the Cadillac after he emerged from his house the second time, carrying the gun down close to his side. He claimed he was yelling the whole time for the people in the Cadillac to "get out of here," but none of the neighbors heard him make such remarks. Despite his claimed fear, he did not call the police and did not tell anyone else to call the police until after he had shot into the Cadillac. Although he claims to have been defending Mayling and Joyce against possible violence by the occupants of the Cadillac, he did not warn them to retreat into the house for safety or otherwise attempt to avoid the violence. Instead, he emerged from the house and confronted the men in the Cadillac with gun drawn in a preemptive strike, even though he claimed he had not examined the gun to see if it was loaded. These factors call into question the credibility of [petitioner]'s account of the events and his claims of self-defense and defense of others.

(Ans., Ex. 3 at 10–11.) The state appellate court further noted that the physical evidence supported the testimony of Cervantes Perez and that of "neutral third parties who observed the shooting from across the street." (*Id.* at 11.)

Petitioner's claim fails. First, the state court reasonably determined that the evidence was properly admitted. A defendant who chooses to testify on his own behalf runs the risk of having his credibility impeached like any other witness. *Brown v. United States*, 356 U.S. 148, 154–57 (1958). Evidence of prior crimes may properly be used to draw inferences about a witness's credibility. *See,* e.g.*, Old Chief v. United States*, 519 U.S. 172, 176 n.2 (1997). Furthermore, even if the evidence were not properly admitted, habeas relief can be granted only if there are no permissible inferences a jury can draw from the evidence. *Jammal v. Van de Kamp*, 926 F.2d 918, 920 (9th Cir. 1991). It would be permissible for the jury to infer that his prior attempted murder conviction showed dishonesty or a lack of

truthfulness.

Second, petitioner has not shown prejudice, the evidence of his guilt being quite strong. As outlined in detail above, not only did numerous eyewitness accounts contradict petitioner's testimony, the physical evidence corroborated the other witnesses' testimony and contradicted petitioner's version of events. The weight and power of this evidence depended on credibility. The jury did not find petitioner credible, and was persuaded of his guilt by testimonial and physical evidence. Not only must federal habeas courts accord credibility determinations deference, *see Knaubert v. Goldsmith*, 791 F.2d 722, 727 (9th Cir. 1986), factual determinations such as credibility are, under 28 U.S.C. § 2254(e)(1), "presumed to be correct."

Third, petitioner's claim would fail even if the evidence were irrelevant or prejudicial. The Supreme Court "has not yet made a clear ruling that admission of irrelevant or overtly prejudicial evidence constitutes a due process violation sufficient to warrant issuance of the writ." *Holley v. Yarborough*, 568 F.3d 1091, 1101 (9th Cir. 2009).

Finally, insofar as petitioner claims that the admission of the evidence violated his due process rights to have character or propensity evidence excluded, such claim fails. Because the Supreme Court has reserved this issue as an "open question," the Ninth Circuit has held that a petitioner's due process right concerning the admission of propensity evidence is not clearly established for purposes of review under AEDPA. *Alberni v. McDaniel*, 458 F.3d 860, 866–67 (9th Cir. 2006). Accordingly, the claim is DENIED.

## CONCLUSION

The state court's adjudication of the claim did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, nor did it result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Accordingly, the petition is DENIED.

1    A certificate of appealability will not issue. Reasonable jurists would not "find the
2 district court's assessment of the constitutional claims debatable or wrong." *Slack v.
3 McDaniel*, 529 U.S. 473, 484 (2000). Petitioner may seek a certificate of appealability from
4 the Court of Appeals. The Clerk shall enter judgment in favor of respondents and close the
5 file.

6 **IT IS SO ORDERED.**

7 DATED: May 22, 2012

_____
RICHARD SEEBORG
United States District Judge